UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEITH LEACH,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security,<br><br>　　　　Defendant. | No. CV-05-0073-CI<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION FOR SUMMARY JUDGMENT<br>AND DIRECTING ENTRY OF<br>JUDGMENT FOR DEFENDANT |

BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec. 10, 12), submitted for disposition without oral argument on October 17, 2005. Attorney Maureen Rosette represents Plaintiff; Special Assistant United States Attorney Jeffrey H. Baird represents Defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 3.) After reviewing the administrative record and the briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment and directs entry of judgment for Defendant.

Plaintiff, 48-years-old at the time of the administrative decision, protectively filed an application for Supplemental

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 1

Security Income benefits (SSI) on October 30, 2002, alleging disability as of that date due to respiratory impairments. (Tr. at 27-30.) Plaintiff, who completed ten years of school and earned a GED, had past work as a welder, truck unloader, parts puller, and scrap metal repairer. Following a denial of benefits at the initial stage and on reconsideration, a hearing was held before Administrative Law Judge Paul Gaughen (ALJ). The ALJ denied benefits; review was denied by the Appeals Council. This appeal followed. Jurisdiction is appropriate pursuant to 42 U.S.C. § 405(g).

**ADMINISTRATIVE DECISION**

The ALJ concluded Plaintiff had not engaged in substantial gainful activity and had severe emphysema, but the impairment did not meet the Listings. The ALJ concluded Plaintiff did not have past relevant work. (Tr. at 64.) The ALJ rejected Plaintiff's testimony as not fully credible. (Tr. at 23.) The ALJ concluded Plaintiff retained the residual capacity to perform a significant range of light work. Based on the testimony of the vocational expert, the ALJ found Plaintiff could perform other work which exists in significant numbers in the national economy, including cashier, ticket seller, mail clerk and production assembler. (Tr. at 23.) Thus, the ALJ found there was no disability.

**ISSUES**

The question presented is whether there was substantial evidence to support the ALJ's decision denying benefits and, if so, whether that decision was based on proper legal standards. Plaintiff asserts the ALJ erred when he improperly rejected the opinion of the treating physician and Plaintiff's testimony.

**STANDARD OF REVIEW**

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Comm'r of Soc. Sec. Admin.* 169 F.3d 595, 599 (9th Cir. 1999).
>
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

**SEQUENTIAL PROCESS**

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . " 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 3

vocational components.

In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition, until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

**ANALYSIS**

1. <u>Treating Physician</u>

Plaintiff contends the ALJ erred when he rejected the opinion of the treating physician, Dr. Julie Porter, who opined in October 2002 that Plaintiff was severely limited due to chronic obstructive pulmonary disease. (Tr. at 117.) Defendant responds the check-box form completed by Dr. Porter was not consistent with her narrative report and pulmonary tests, and was internally inconsistent because there were no postural limitations noted. Defendant contends the ALJ properly relied on the opinion of the consulting physician who, based on the pulmonary tests, concluded the COPD was only mild.

In a disability proceeding, the treating physician's opinion is given special weight because of his familiarity with the claimant and his physical condition. *See Fair v. Bowen*, 885 F.2d 597, 604-05 (9th Cir. 1989). If the treating physician's opinions are not contradicted, they can be rejected only with "clear and convincing" reasons. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). If contradicted, the ALJ may reject the opinion if he states "specific, legitimate reasons" that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv*., 44 F.3d 1453, 1463

(9th Cir. 1995); *Fair*, 885 F.2d at 605. While a treating physician's uncontradicted medical opinion will not receive "controlling weight" unless it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques," Social Security Ruling 96-2p, it can nonetheless be rejected only for "'clear and convincing' reasons supported by substantial evidence in the record." *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001) (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)). Furthermore, a treating physician's opinion "on the ultimate issue of disability" must itself be credited if uncontroverted and supported by medically accepted diagnostic techniques, unless it is rejected with clear and convincing reasons. *Holohan*, 246 F.3d at 1202-03. Historically, the courts have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support a doctor's report based substantially on a claimant's subjective complaints of pain, as specific, legitimate reasons for disregarding the treating physician's opinion. *See Flaten*, 44 F.3d at 1463-64; *Fair*, 885 F.2d at 604.

In his opinion, the ALJ noted the following with respect to Dr. Porter's opinion and clinical records which discuss Plaintiff's functional limitations in connection with his smoking:

> Also, the claimant's treating physician reported that he is severely limited due to emphysema. The undersigned finds that this is also not persuasive to show the claimant is credible because Exhibits 2F, 8F page 7, 11F and 12F pages 1-3 show that the claimant's voluntary smoking only exacerbates the emphysema. Therefore, but for that unfortunate habit (tobacco abuse or addiction), there would be no underlying physical impairment to produce the limitations and breathing problems he testified about. . . . In Exhibit 8F, the claimant continues to smoke despite being counseled to stop. It

> was recommended that he switch to unfiltered cigarettes and quit and also discussed was the outcome if he does not quit smoking. Exhibits 11F and 12F also show the claimant being noncompliant with using his Pulmicort inhaler. He is reported to continue to smoke and again was counseled on stopping and reminded of the natural course of the disease. Noted in the records, when the claimant cuts back on his cigarette smoking, he reports a significant decrease in shortness of breath and an increase in exercise tolerance.
>
> ...
>
> The undersigned has also considered and given little weight to Dr. Porter's Physical Evaluation at Exhibit 8F, pages 5 and 6. This evaluation appears to be a public assistance evaluation for the Department of Social and Health Services benefits. The report's findings are not fully supported by reference to standardized testing, nor are the findings supported by, or consistent with, the more detailed report of the examination at Exhibit 2F.[1] The latter report is supported by findings from a clinical interview and standardized testing. It is therefore accorded significant weight. Dr. Porter also did not note any limitations on agility, mobility or flexibility or any environmental or workplace restrictions due to nonexertional limitations. This would be unusual if the claimant's impairments were so severe as to limit him from any work activity. Also, an estimated time that the claimant would be unable to perform at least half-time in a normal day-to-day work setting was only noted to be 12 weeks only.

(Tr. at 20-21, footnote added.)

These reasons are supported by the record. Additionally, follow-up clinic notes by Dr. Porter indicated when Plaintiff cut back on his cigarette use, his exertion levels improved. (Tr. at 175, 178.) The ALJ noted Plaintiff was not compliant with the use

---

[1]Defendant notes the reference to Ex. 2F is a typographical error, as that report refers to Dr. Bagby's examination and findings related to Plaintiff's shoulder condition only; therefore, it is not relevant to Dr. Porter's findings with respect to Plaintiff's pulmonary condition.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 6

of his inhalant therapy or with Dr. Porter's advice to decrease his smoking, switch to filtered cigarettes, or quit altogether. (Tr. at 173.) Dr. Porter noted in November 2002 that Plaintiff had no wheezes while still smoking about 3/4 of a pack of hand rolled cigarettes daily.  (Tr. at 119.)  These are specific legitimate reasons to reject Dr. Porter's opinion as to disability and they are supported by the record.

Moreover, the ALJ relied on the testimony of medical expert Dr. Craig, who noted pulmonary function testing revealed only mild loss of functioning (95% and/or 94% with treatment), Plaintiff had had no recurrent emergency treatment or been hospitalized for COPD. (Tr. at 191.)  Dr. Craig opined Plaintiff would be limited to light exertion with avoidance of air pollution, extreme temperatures and humidity.  Dr. Craig's analysis of the pulmonary functioning tests and level of impairment is supported by the record.  (Tr. at 123, 124.) Additionally, agency doctors concluded Plaintiff would be limited to light exertion with additional postural and environmental limitations.   (Tr. at 151, 156.) The opinion of a non-examining physician may be accepted as substantial evidence if it is supported by other evidence in the record and is consistent with it. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995).  Here, there was objective medical tests and findings to support Dr. Craig's findings.

There is some case law in circuits other than the Ninth Circuit, that requires an ALJ to make special findings with respect to the claimant's ability to quit smoking, rather than just simply concluding a failure to quit constitutes non-compliance with treatment recommendations. *Gordon v. Schweiker*, 725 F.2d 231, 236

(4th Cir. 1984) (benefits cannot be denied for failure to stop smoking absent a finding that the claimant could voluntarily stop smoking); *Rousey v. Heckler*, 771 F.2d 1065, 1069 (7th Cir. 1985) (court holds there was no evidence the claimant would be restored to a non-severe condition if she quit smoking); see contra, *Wheeler v. Apfel*, 224 F.3d 891, 895 (8th Cir. 2000) (fact claimant refused to quit smoking was acceptable factor in credibility finding); *Kisling v. Chater*, 105 F.3d 1255, 1257 (8th Cir. 1997).  Here, however, the medical records and objective tests indicate Plaintiff's residual capacity, even while he continued to smoke, sufficiently supported an ability to perform light work.  There was no error.

2. <u>Plaintiff's Credibility</u>

Plaintiff argues the ALJ improperly rejected his testimony as not credible.  There is no dispute Plaintiff was suffering from emphysema and there was no evidence of malingering.  Thus, Plaintiff concludes the standard for rejecting his testimony was clear and convincing. Plaintiff further contends his emphysema led to uncontrollable coughing and nosebleeds.  Defendant responds there were clear and convincing reasons given for rejecting Plaintiff's testimony. Those included the inconsistency with his daily activities, failure to follow medically prescribed treatment, and inconsistent objective medical tests.

The ALJ addressed Plaintiff's credibility as follows:

> In this case the undersigned finds that while the claimant has emphysema, the evidence fails to demonstrate that he is totally disabled as a result. His testimony concerning his impairments and functioning limitations in work-like activities was not considered to be entirely credible. This is because clinical records discuss his functional limitations from lung impairment/emphysema in connection with his voluntary smoking.  Yet, the claimant did not address that coughing over prolonged periods and becoming

> fatigued after mowing 1/4 of the yard is associated with his cigarette smoking. . . . Dr. Bagby notes in Exhibit 2F that he is not on any medication and has no allergies. The claimant does not complain about any breathing problems. His habits are noted to be smoking and occasional alcohol. The only limitation Dr. Bagby notes refers to the claimant's right shoulder.

(Tr. at 20.)

In deciding whether to admit a claimant's subjective symptom testimony, the ALJ must engage in a two-step analysis. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Under the first step, see *Cotton v. Bowen*, 799 F.2d 1403, 1405 (9th Cir. 1986), the claimant must produce objective medical evidence of underlying "impairment," and must show that the impairment, or a combination of impairments, "could reasonably be expected to produce pain or other symptoms." *Id*. at 1281-82. If this test is satisfied, and if there is no evidence of malingering, then the ALJ, under the second step, may reject the claimant's testimony about severity of symptoms with "specific findings stating clear and convincing reasons for doing so." *Id*. at 1284. The ALJ may consider the following factors when weighing the claimant's credibility: "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [his/her] testimony and [his/her] conduct, [claimant's] daily activities, [his/her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). If the ALJ's credibility finding is supported by substantial evidence in the record, the court may not engage in second-guessing. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). If a reason given by the ALJ is not supported by the evidence, the

ALJ's decision may be supported under a harmless error standard. *Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1990) (applying the harmless error standard); *Booz v. Sec'y of Health and Human Serv.*, 734 F.2d 1378, 1380 (9th Cir. 1984) (same).

There is no objective medical evidence to support Plaintiff's argument he suffers from chronic bronchitis resulting in uncontrollable coughing and nosebleeds; thus, the ALJ was not required to consider the residual effects of those impairments. Additionally, Dr. Bagby's examination notes do not reference pulmonary issues, even though Dr. Bagby recorded a medical history. (Tr. at 97.)  Plaintiff's daily activities included providing care for his disabled mother, taking care of personal hygiene, washing dishes and doing laundry without problems, visiting with friends and sitting or standing without limitation. (Tr. at 203-204.) He can lift and carry 20 pounds. (Tr. at 19.) Objective medical tests referenced above do not indicate moderate to severe limitations. (Tr. at 151-152.)  Finally, a failure to follow prescribed medical treatment is grounds for rejecting a claimant's testimony as to disability. *Dodrill v. Shalala*, 12 F.3d 915, 917 (9th Cir. 1993). Accordingly,

**IT IS ORDERED**:

1.   Plaintiff's Motion for Summary Judgment **(Ct. Rec. 10)** is **DENIED.**

2.   Defendant's Motion for Summary Judgment dismissal **(Ct. Rec. 12)** is **GRANTED**; Plaintiff's Complaint and claims are **DISMISSED WITH PREJUDICE.**

3.   The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANT - 10

The file shall be **CLOSED** and judgment entered for Defendant.

DATED December 5, 2005.

                  <u>S/ CYNTHIA IMBROGNO</u>
                UNITED STATES MAGISTRATE JUDGE